IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Civil No. 1:16-cv-896-CMH-MSN |
| DARIUS BLY and DARIUS BLY d/b/a SETTLES TURF FARM, | ) ) ) | |
| Defendant. | ) ) ) | |

## REPORT & RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment (Dkt. No. 8). Having reviewed the record, the undersigned Magistrate Judge recommends that the Court enter default judgment against Defendant in the total amount of $189,937.77, plus statutory additions to tax that will continue to accrue until full payment is made.

**I.    Procedural Background**

On July 14, 2016, Plaintiff United States of America filed this action to collect federal taxes from Defendant Darius Bly and Darius Bly d/b/a Settles Turf Farm. *See* Compl. (Dkt. No. 1). Defendant was served on July 25, 2016 by a special process server. *See* Summons Returned Executed 2 (Dkt. No. 5). Defendant did not enter an appearance or otherwise respond to the Complaint and, on August 24, 2016, the Clerk entered default against Defendant. *See* Entry of Default (Dkt. No. 7). On October 5, 2016, Plaintiff filed the instant Motion for Default Judgment (Dkt. No. 8). Defendant failed to appear at the hearing on this Motion on November 4, 2016, and the undersigned Magistrate Judge took the matter under advisement. *See* Dkt. No. 11.

## II. Factual Background

The following facts are established by the Complaint and by the memorandum, declaration, and exhibits submitted in support of Plaintiff's Motion for Default Judgment.

Defendant filed Employer's Annual Federal Tax Return for Agricultural Employees ("Form 943"), establishing the amount of federal income and Federal Insurance Contribution Act taxes for tax periods ending in 2003 to 2011 and 2013 to 2015. Compl. ¶ 5 (Dkt. No. 1). Despite notice and demand for payment, as of June 27, 2016, Defendant owes Plaintiff $143,926.05, plus statutory additions to tax that will continue to accrue according to law until full payment is made. *Id.* ¶ 6A.

Defendant also filed income tax returns ("Form 1040") for the years 2010 through 2014. Compl. ¶ 7 (Dkt. No. 1). Despite notice and demand for payment, as of June 27, 2016, Defendant owes Plaintiff $47,116.91, plus statutory additions to tax that will continue to accrue according to law until full payment is made. *Id.* ¶ 8A.

Together, Plaintiff is owed $191,042.96 in unpaid taxes. Plaintiff also seeks an award of costs of prosecuting this action. Compl. ¶¶ 6B, 8B (Dkt. No. 1).

## III. Service of Process, Jurisdiction, and Venue

The docket reflects that Defendant was properly served via a special process server. *See* Summons Returned Executed 2 (Dkt. No. 5). The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1340, respectively, as Plaintiff's claims arise under federal law and from an Act of Congress providing for internal revenue. Compl. ¶ 1. In addition, the Court has subject matter jurisdiction pursuant to 26 U.S.C. § 7402(a), as the United States moves for default judgment for the enforcement of the internal revenue laws. *Id.* The Court has personal jurisdiction over Defendant, who resides within the Eastern District of Virginia. *Id.* ¶ 4. Venue

is proper under 28 U.S.C. §§ 1391 and 1396 because the Defendant's residence and tax liability, as well as a substantial part of the events or omissions giving rise to the claims against Defendant, occurred within the Eastern District of Virginia. *Id.* ¶ 2.

## IV. Legal Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish a plaintiff's entitlement to relief and the defendant has failed to plead or defend within the time frame contained in the rules. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting, a defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting the factual allegations in the complaint). Here, as Defendant has not answered or otherwise timely responded, it has admitted the well-pled allegations of fact contained in the Complaint.

## V. Analysis

### a. Tax Assessments

Having examined the record, the undersigned Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint and supported by Plaintiff's Memorandum of Law, declaration, and exhibits in support of default judgment establish that Defendant failed to pay Plaintiff annual employment taxes for agricultural employees (Form 943) for the years ending in 2003 to 2011 and 2013 to 2015, and federal income taxes (Form 1040) for the years ending in 2010 to 2014. Plaintiff is therefore entitled to default judgment in its favor and damages as detailed below.

In the Complaint, Plaintiff alleges that as of June 27, 2016, it is owed $143,926.05 in unpaid federal employment taxes (Form 943), and $47,116.91 in unpaid federal income taxes (Form 1040), plus statutory additions to tax that will continue to accrue according to law until full payment is made. Compl. ¶¶ 6A, 8A (Dkt. No. 1). In support of its Motion for Default Judgment, Plaintiff filed the Declaration of Susan Blunt, a Revenue Officer Advisor in the Advisory Group of the Internal Revenue Service in Richmond, Virginia, and "true and correct" copies of account transcripts for the tax periods at issue. *See* Dkt. No. 8-1. Ms. Blunt's Declaration and the accompanying exhibits state that as of June 27, 2016, Plaintiff is owed $142,820.86 in unpaid federal employment taxes (Form 943) and $47,116.91 in unpaid federal income taxes (Form 1040). *See id.*

Given the discrepancies between the alleged amounts owed in the Complaint and the alleged amounts owed in the memorandum, declaration, and exhibits submitted in support of Plaintiff's Motion for Default Judgment, the undersigned recommends that the Court enter default judgment against Defendant in the amounts stated in the Motion, memorandum, declaration, and exhibits. *See United States v. Register*, 717 F. Supp. 2d 517, 522 (E.D. Va. 2010) (noting that the government's certified copies of tax assessments "are presumed correct unless the defendant provides proof to the contrary") (citing *United States v. Janis,* 428 U.S. 433, 440 (1976); *United States v. Pomponio,* 635 F.2d 293, 296 (4th Cir.1980)). Defendant has failed to respond. Accordingly, the undersigned recommends that the Court enter default judgment against Defendant in the total amount of $189,937.77, which consists of $142,820.86 in unpaid federal employment taxes (Form 943) and $47,116.91 in unpaid federal income taxes (Form 1040), plus statutory additions to tax that will continue to accrue according to law.


### b. Costs

Plaintiff also requests "[t]hat the Court award to the United States its costs of prosecuting this action." Compl. 4 (Dkt. No. 1). However, Plaintiff fails to specify the amount of costs it seeks or to provide any evidence in support. Accordingly, the undersigned recommends that Plaintiff's request for costs be denied. *See United States v. Nazarian*, No. CIV.A. DKC 10-2962, 2012 WL 2045944, at *3 (D. Md. June 5, 2012) (denying the government's request for costs because the government "neither specifies the amount of costs it seeks nor proffers any explanation or support for these requests").

## VI. Recommendation

The undersigned recommends that default judgment be entered against Defendant in favor of Plaintiff in the total amount of $189,937.77, which consists of $142,820.86 in unpaid federal employment taxes (Form 943) and $47,116.91 in unpaid federal income taxes (Form 1040), plus statutory additions to tax that will continue to accrue according to law.

## VII. Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendation to Defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

                                                                               /s/
                                                       Michael S. Nachmanoff
                                              United States Magistrate Judge

November 18, 2016
Alexandria, Virginia